UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:22-CV-00302-FDW-DSC

| MARC HUBBARD, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) |
| | ) ORDER |
| NATIONSTAR MORTGAGE LLC, | ) |
| FIRST EQUITIES FINANCIAL LLC, and | ) |
| ASHETH HEMANT PATEL | ) |
| Defendants. | ) |

THIS MATTER is before the Court on several motions: (1) Plaintiff's *pro se* Motion for Declaratory Judgment, (Doc. No. 3); (2) Plaintiff's second *pro se* Motion for Declaratory Judgment, (Doc. No. 13); (3) Defendant Nationstar Mortgage LLC's Motion to Dismiss with Prejudice, (Doc. No. 17); and (4) Defendant Asheth Hemant Patel's Motion to Dismiss the Amended Complaint with Prejudice, (Doc. No. 28).

Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court issued Notices (Docs. Nos. 18, 30) to Plaintiff, who appears *pro se*, advising him of the burden he carries in responding to Defendants' Motions. All motions have been fully briefed and are now ripe for review. For the reasons discussed below, Plaintiff's Motions for Declaratory Judgment, (Docs. Nos. 3, 13), are **DENIED AS MOOT**; Defendant Nationstar Mortgage LLC's Motion to Dismiss, (Doc. No. 17), is **DENIED AS MOOT**; and Defendant Asheth Hemant Patel's Motion to Dismiss, (Doc. No. 28), is **GRANTED**.

On February 20, 2023, Defendant Asheth Hemant Patel filed a Motion to Dismiss Plaintiff's Amended Complaint with Prejudice, (Doc. No. 28), pursuant to Rules 12(b)(1),

1

12(b)(6), and 8(a)(2) of the Federal Rules of Civil Procedure. Dr. Patel argues this Court: (1) lacks subject matter over this case because the Amended Complaint fails to establish either diversity of citizenship or federal question jurisdiction; (2) the Rooker-Feldman Doctrine bars Plaintiff's claim; (3) Plaintiff's Amended Complaint fails to state any claim upon which relief can be granted; and (4) the Amended Complaint fails to comply with Rule 8(a) of the Federal Rules of Civil Procedure. (Id.; see also Doc. No. 29). In his Response to Dr. Patel's Motion to Dismiss, Plaintiff stated:

> Defendant is correct that because Nationstar Mortgage is no longer a Defendant than there is no longer diversity.[1]
> Plaintiff has filed a Quiet Title Action in State Court that is the proper venue to litigate these claims.
> Thus, the Defendant hereby makes motion with the Court to dismiss this action.

(Doc. No. 31, p. 1).

Based on Plaintiff's concession that this Court lacks subject matter jurisdiction over his claims against Dr. Patel, and on his request to dismiss this action,[2] the Court hereby **GRANTS** Defendant Asheth Hemant Patel's Motion to Dismiss Plaintiff's Amended Complaint with Prejudice, (Doc. No. 28). Plaintiff's sole remaining claim against Defendant Asheth Hemant Patel is **DISMISSED WITH PREJUDICE**.

---

[1] In his original Complaint, filed on July 5, 2022, Plaintiff named three defendants: Nationstar Mortgage LLC, First Equities Financial LLC, and Asheth Hemant Patel. (Doc. No. 1, p. 2). On September 14, Plaintiff filed his Amended Complaint, naming only Nationstar Mortgage LLC and Asheth Hemant Patel as defendants. (Doc. No. 16, p. 2). Accordingly, First Equities Financial LLC was terminated as a party in this action. On December 15, Plaintiff and Defendant Nationstar Mortgage LLC filed a Joint Stipulation of Dismissal with Prejudice, dismissing all claims against Defendant Nationstar Mortgage LLC. (Doc. No. 23, p. 1). Thereafter, Defendant Nationstar Mortgage LLC was terminated as a party in this action. Thus, the only remaining Defendant in this matter is Asheth Hemant Patel. Both Plaintiff and Dr. Patel are citizens of North Carolina. (See Doc. No. 16, p. 3, 5). As such, this Court lacks subject matter jurisdiction over this claim, pursuant to 28 U.S.C. § 1332(a).

[2] Although Plaintiff states "Defendant hereby makes [a] motion with the Court to dismiss this action," read in the context of the previous two sentences, the Court interprets Plaintiff's Response as acknowledging that because no diversity exists, the Court lacks subject matter jurisdiction and the case may only be heard in state court, such that Plaintiff moves to dismiss the action in this Court. (See Doc. No. 31, p. 1).

**IT IS THEREFORE ORDERED** that:

1. Plaintiff's two Motions for Declaratory Judgment, (Docs. Nos. 3 & 13) are **DENIED AS MOOT**;

2. Defendant Nationstar Mortgage LLC's Motion to Dismiss with Prejudice, (Doc. No. 17), is **DENIED AS MOOT**;

3. Defendant Asheth Hemant Patel's Motion to Dismiss Plaintiff's Second Amended Complaint with Prejudice, (Doc. No. 28), is **GRANTED**; and

4. Plaintiff's sole claim against Defendant Asheth Hemant Patel is **DISMISSED WITH PREJUDICE**.

Accordingly, Plaintiff's *pro se* Amended Complaint, (Doc. No. 16), is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

Signed: March 27, 2023

_____
Frank D. Whitney
United States District Judge